```
                                                              FILED
                                                           08 FEB 26 AM 11:56
                                                        CLERK, U.S. DISTRICT COURT
                                                     SOUTHERN DISTRICT OF CALIFORNIA

                                                     BY:  _____
                                                                      DEPUTY
```

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOE ANTHONY MONTERO, <br><br> Defendant. | Criminal Case No. 08-MJ-0432-WMC <br><br> **FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 22, 2008, to determine whether defendant Joe Anthony Montero (the "Defendant") should be held in custody pending trial on the grounds that Defendant is a flight risk. Special Assistant U.S. Attorney Carlos O. Cantu appeared on behalf of the United States; attorney Michelle Betancourt, Federal Defenders, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and Defendant, the pretrial services report, and the complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

///

///

I.

## FINDINGS OF FACT

**A.     Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. Defendant is charged in a complaint with one count of transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

2. If convicted of this charge, the Defendant faces a maximum sentence of 5 years imprisonment. 8 U.S.C. § 1324(a)(1)(B)(ii)..

**B.     Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On February 13, 2008, Defendant was encountered by Border Patrol Agents driving a vehicle waiting to pick up 10 illegal aliens from Mexico. .

3. While admittedly the least important factor, the Court finds that probable cause exists that the defendant committed the instant offense and that this factor weighs in favor of detention.

**C.     History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. Due to the lack of evidence with regard to Defendant's character, this factor is treated as neutral by the Court;

2. Due to the lack of evidence with regard to Defendant's physical and mental condition, this factor is treated as neutral by the Court;

3. Because most of Defendant's family ties are in Mexico, this factor weighs in favor of detention;

4. Because Defendant was employed in Mexico, this factor weighs in favor of detention;

5. Because Defendant has no financial ties to the community, this factor weighs in favor of detention;

6. Because Defendant is a citizen of Mexico, the length of residence in the community factor weighs in favor of detention;

7. Defendant's community ties and past conduct are viewed as neutral and/or duplicative by the Court;

8. Because there is no evidence that Defendant has a problem with drug or alcohol abuse, this factor weighs in favor of setting bail;

9. Because Defendant has a significant criminal history, this factor weighs in favor of detention;

10. Because of Defendant's significant criminal history, he has had the opportunity to establish a poor record concerning court orders, failing to comply with the conditions of probation, parole violations, escape from a work release program, and eluding a peace officer. This factor, therefore, weighs in favor of detention..

## II.

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense charged in the Criminal Complaint, namely, transportation of illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).

B. Defendant potentially faces a substantial period of time in custody if convicted of the offense charged in the Complaint; specifically, he faces a potential maximum sentence of 5 years' imprisonment. He therefore has a strong motive to flee.

C. Based upon the Court's finding, there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of 5 years or more is prescribed, and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings. The Government has carried its burden of establishing by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant, as required.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility

1  separate, to the extent practicable, from persons awaiting or serving sentences or being held in
2  custody pending appeal. The Defendant shall be afforded reasonable opportunity for private
3  consultation with counsel.
4      While in custody, upon order of a court of the United States or upon the request of an
5  attorney for the United States, the person in charge of the correctional facility shall deliver the
6  Defendant to the United States Marshal for the purpose of an appearance in connection with a court
7  proceeding or any other appearance stipulated to by defense and government counsel.
8      THIS ORDER IS ENTERED WITHOUT PREJUDICE.
9      IT IS SO ORDERED.
10 DATED: 2/26/08

The Honorable William McCurine
United States Magistrate Judge

12 Prepared by:

14 s/Carlos O. Cantu
Carlos O. Cantu
Special Assistant U.S. Attorney

16 cc: Michelle Betancourt
    Federal Defenders, Inc.